UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COSMO MOORE,

v.  Case No.:  8:10-cv-2706-T-24MAP
 8:09-cr-18-T-24-MAP

UNITED STATES OF AMERICA.

## ORDER

This cause comes before the Court on Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence in which he accuses trial counsel of several instances of rendering ineffective assistance of counsel, including failing to file an appeal.  (Civ. Doc. No. 1).

On February 5, 2010, Cosmo Moore pled guilty, pursuant to a plea agreement in which he waived his right to appeal, to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. Sections 846, 841(a)(1), and 841(b)(1)(A)(ii).  (Cr. Doc. No. 63.)  On June 3, 2010, the Court sentenced Petitioner to 70 months in the Bureau of Prisons.  (Cr. Doc. No. 85.)  Petitioner did not appeal.  On December 3, 2010, Petitioner filed the instant Section 2255 motion.  It is timely.

In light of the Eleventh Circuit's opinion in *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005), the fact that Petitioner executed a written plea agreement containing a provision in which he waived his right to appeal and collaterally challenge his sentence in the underlying criminal case, does not foreclose him from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal.  Also in light of the fact that in

its response the Government does not oppose the Petitioner's request that he be permitted to file a belated appeal (Civ. Doc. No. 7), the Court concludes that the interest of judicial economy would best be served by granting Petitioner's motion but only to the extent that Petitioner will be afforded an out-of-time appeal pursued by appointed counsel.

In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court emphasizes that this determination to grant Petitioner a belated appeal in his related criminal case is not to be construed as a determination on the merits that trial counsel was in any manner ineffective in his representation of Petitioner in the prior criminal proceedings.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The motion to vacate (Civ. Doc. No. 1) is **GRANTED**, but only to the extent that Petitioner may file a belated appeal in the related criminal case.

2. The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in an amended judgment.

3. The Clerk is directed to enter judgment for Petitioner and to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of January, 2011.

Copies to:
Counsel of record
Petitioner

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge